ROBBINS GELLER RUDMAN
  & DOWD LLP
RYAN A. LLORENS (225196)
DANIELLE S. MYERS (259916)
KENNETH P. DOLITSKY (345400)
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)
ryanl@rgrdlaw.com
dmyers@rgrdlaw.com
kdolitsky@rgrdlaw.com

Proposed Lead Counsel for Proposed Lead Plaintiff

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEAN RYAN, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> vs. <br><br> FIGS, INC., et al., <br><br> Defendants. | Case No. 2:22-cv-07939-ODW-KS <br><br> <u>CLASS ACTION</u> <br><br> MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF LEAD PLAINTIFF'S SELECTION OF LEAD COUNSEL <br><br> DATE: February 13, 2023 <br> TIME: 1:30 p.m. <br> CTRM: 5D, 5th Floor <br> JUDGE: Hon. Otis D. Wright II |

## I. INTRODUCTION

Two related securities class action lawsuits (the "Related Actions") are pending before this Court, brought on behalf of all purchasers or acquirers of: (i) FIGS, Inc. ("FIGS" or the "Company") securities between May 27, 2021 and May 12, 2022, inclusive (the "Class Period"); and/or (ii) FIGS Class A common stock pursuant and/or traceable to the offering documents issued in connection with FIGS' initial public offering (the "IPO") conducted on or around May 27, 2021; and/or (iii) FIGS Class A common stock pursuant and/or traceable to the Company's secondary public offering (the "SPO") conducted on or around September 16, 2021.  The Related Actions are *Ryan v. FIGS, Inc.*, No. 2:22-cv-07939 (filed on 11/1/22) and *City of Hallandale Beach Police Officers' and Firefighters' Personnel Ret. Trust v. FIGS, Inc.*, No. 2:22-cv-08912 (filed on 12/08/22).  The complaints allege similar claims against defendants under the Securities Act of 1933 (the "Securities Act") and the Securities Exchange Act of 1934 (the "Exchange Act").

The Private Securities Litigation Reform Act of 1995 ("PSLRA") requires district courts to resolve consolidation before appointing a lead plaintiff in securities cases.  *See* 15 U.S.C. §78u-4(a)(3)(B)(ii).  The PSLRA amended the Securities Act and the Exchange Act in virtually identical ways as to the lead plaintiff provisions. *Compare* 15 U.S.C. §78u-4(a)(3)(B) *with* 15 U.S.C. §77z-1(a)(3)(B).  For simplicity, only the Exchange Act is cited herein.  As discussed below, because common questions of law and fact are involved in the Related Actions, consolidation is appropriate.  *See* Fed. R. Civ. P. 42(a).

As soon as practicable after its decision on consolidation, the Court "shall appoint the most adequate plaintiff as lead plaintiff."  *See* 15 U.S.C. §78u-4(a)(3)(B)(ii).  The lead plaintiff is the "member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members."  15 U.S.C. §78u-4(a)(3)(B)(i).  Here, the City of Pensacola Police Officers' Retirement Plan, the City of Warren Police and Fire

- 1 -

Retirement System, the Kissimmee Utility Authority Employees' Retirement Plan, and the Pompano Beach Police & Firefighters' Retirement System (collectively, the "Public Pension Plans") should be appointed lead plaintiff because they filed a timely motion, have the largest financial interest in the outcome of this litigation, and will typically and adequately represent the class's interests. *See* 15 U.S.C. §78u 4(a)(3)(B)(iii). In addition, the Public Pension Plans' selection of Robbins Geller Rudman & Dowd LLP to serve as lead counsel should be approved because the Firm possesses extensive experience prosecuting securities class actions and will adequately represent the interests of all class members.

## II.   ARGUMENT

### A.   The Related Actions Should Be Consolidated

The PSLRA requires the Court to consolidate the Related Actions before appointing a lead plaintiff. *See* 15 U.S.C. §78u-4(a)(3)(B)(ii). Consolidation pursuant to Rule 42(a) is proper when actions involve common legal and factual questions. *See* Fed. R. Civ. P. 42(a).

Here, the Related Actions assert nearly identical theories of wrongdoing on behalf of purchasers of FIGS securities during the Class Period against similar defendants for alleged violations of the same provisions of the Securities Act and the Exchange Act. Consolidation will prevent needless duplication and possible confusion, as well as potentially inconsistent jury verdicts. There is also little or no risk of prejudice to the parties from consolidation. *See generally Lloyd v. CVB Fin. Corp.*, 2011 WL 13128303, at *3 (C.D. Cal. Jan. 21, 2011).

Accordingly, the Court should consolidate these cases.

### B.   The Public Pension Plans Should Be Appointed Lead Plaintiff

The PSLRA establishes the procedure for the appointment of a lead plaintiff in "each private action arising under [the Securities or Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C.

- 2 -

§78u-4(a)(1); *see also* 15 U.S.C. §78u-4(a)(3)(B)(i). First, "[n]ot later than 20 days" after the complaint is filed, a notice must be published "in a widely circulated national business-oriented publication or wire service" advising members of the purported plaintiff class "of the pendency of the action, the claims asserted therein, and the purported class period" and that "not later than 60 days after the date on which the notice is published, any member of the purported class may move the court to serve as lead plaintiff." 15 U.S.C. §78u-4(a)(3)(A)(i). The statutory notice in this case was published on November 1, 2022 via *Business Wire*. *See* Declaration of Danielle S. Myers in Support of Motion for Consolidation of Related Actions, Appointment as Lead Plaintiff, and Approval of Lead Plaintiff's Selection of Lead Counsel ("Myers Decl."), Ex. A.

Next, the PSLRA provides that the Court shall adopt a presumption that the most adequate plaintiff is the person or group of persons that:

(aa) has either filed the complaint or made a motion in response to a notice . . .

(bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii)(I); *see also In re Cavanaugh*, 306 F.3d 726 (9th Cir. 2002). The Public Pension Plans meet these requirements and should therefore be appointed as Lead Plaintiff.

### 1.     This Motion Is Timely

The November 1, 2022 statutory notice published on *Business Wire* advised purported class members of the pendency of the first-filed action, the claims asserted, and the right to move the Court for appointment as lead plaintiff by January 3, 2023. *See* Myers Decl., Ex. A. Because the Public Pension Plans' motion has been timely filed, they are eligible for appointment as lead plaintiff.

### 2. The Public Pension Plans Have the Largest Financial Interest in the Relief Sought by the Class

As evidenced by their Certifications and loss chart, the Public Pension Plans purchased 31,832 shares of FIGS common stock and suffered $540,568 in losses as a result of defendants' alleged misconduct. *See* Myers Decl., Exs. B, C. The Public Pension Plans also purchased shares in connection with the IPO and SPO and have standing to assert claims under the Securities Act. *Id.* To the best of their counsel's knowledge, there are no other plaintiffs with a larger financial interest. Therefore, the Public Pension Plans satisfy the PSLRA's prerequisite of having the largest financial interest.

### 3. The Public Pension Plans Satisfy the Rule 23 Typicality and Adequacy Requirements

In addition to possessing a significant financial interest, a lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc). Rule 23 requires that "the claims or defenses of the representative parties are typical of the claims or defenses of the class; and [that] the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(3)-(4); *Cavanaugh*, 306 F.3d at 730 (focusing "in particular" on typicality and adequacy at the lead plaintiff stage). Importantly, a "'wide-ranging analysis under Rule 23 is not appropriate [at the initial stage of the litigation] and should be left for consideration on a motion for class certification.'" *Lloyd*, 2011 WL 13128303, at *5 (citation omitted).

"'Under [Rule 23's] permissive standards, representative claims are "typical" if they are reasonably co-extensive with those of absent class members; they need not be substantially identical.'" *Id.* (citation omitted). Here, like all other class members, the Public Pension Plans: (1) purchased FIGS common stock in connection with the IPO, SPO, and/or during the Class Period; (2) were adversely affected by the alleged wrongdoing; and (3) suffered damages thereby. *See* Myers Decl., Exs. B, C. "The typicality requirement thus appears to be satisfied because [their] claims arise 'from

- 4 -

the same event[s] or course of conduct that gives rise to the claims of other class members,' and are 'based on the same legal theory.'" *Lloyd*, 2011 WL 13128303, at *6 (citation omitted).

"The Ninth Circuit has held that representation is 'adequate' when counsel for the class is qualified and competent, the representative's interests are not antagonistic to the interests of absent class members, and it is unlikely that the action is collusive." *Id*. Here, the Public Pension Plans' substantial stake in the outcome of the case indicates that they have the requisite incentive to vigorously represent the class's claims. The Public Pension Plans' interests are aligned with the interests of the putative class and there is no evidence of any antagonism between the Public Pension Plans' interests and the class's interests. And, as institutional investors, the Public Pension Plans are precisely the type of investors whose participation in securities class actions Congress sought to encourage through the enactment of the PSLRA. *See generally In re Cendant Corp. Litig.*, 264 F.3d 201, 273 (3d Cir. 2001) ("Both the Conference Committee Report and the Senate Report state that the purpose of the legislation was to encourage institutional investors to serve as lead plaintiff, predicting that their involvement would significantly benefit absent class members.").

As set forth in greater detail in the Joint Declaration submitted herewith, the Public Pension Plans understand the obligations of a lead plaintiff to absent class members under the PSLRA and are willing and able to undertake the responsibilities of lead plaintiff in this litigation to ensure vigorous and efficient prosecution. *See* Myers Decl., Ex. D. The Public Pension Plans' collaboration in this litigation follows from their roles as fiduciaries to their respective members and their shared goals and interests in protecting and maximizing fund assets. Moreover, before seeking a role as lead plaintiff, representatives of the Public Pension Plans discussed, among other things, the merits of the claims, as well as their common goals and strategy for the joint prosecution of this action. *See id*. Thus, the Public Pension Plans have the

incentive and commitment to vigorously prosecute this action in a cohesive and coordinated fashion, and the ability to supervise and monitor counsel.

Finally, the Public Pension Plans have selected qualified counsel to represent them and the putative class. *See* §II.C., *infra*. As such, the Court should find that the adequacy requirement has been met.

Because the Public Pension Plans filed a timely motion, have a large financial interest in the relief sought by the class, and demonstrated their typicality and adequacy, the Court should adopt the presumption that they are the "most adequate plaintiff."

### C. The Court Should Approve the Public Pension Plans' Selection of Counsel

The PSLRA entitles the lead plaintiff to select and retain counsel to represent the class, subject to the court's approval. *See* 15 U.S.C. §78u-4(a)(3)(B)(v); *see also In re Cohen*, 586 F.3d 703, 711-12 (9th Cir. 2009); *Cavanaugh*, 306 F.3d at 732-35. In this case, the Public Pension Plans have selected Robbins Geller.[1]

Robbins Geller, a 200-attorney nationwide law firm with offices in California, regularly practices complex securities litigation. The Firm's securities department includes numerous trial attorneys and many former federal and state prosecutors, and utilizes an extensive group of in-house experts to aid in the prosecution of complex securities issues. Courts throughout the country, including this District, have noted Robbins Geller's reputation for excellence, which has resulted in the appointment of Robbins Geller attorneys to lead roles in hundreds of complex class action securities cases. *See, e.g.*, *In re Cooper Cos. Sec. Litig.*, 254 F.R.D. 628, 636 (C.D. Cal. 2009) (noting that it was "undisputable" that Robbins Geller lawyers have "extensive experience prosecuting suits of this nature"). Notably, in the last three years alone, Robbins Geller recovered more than $4 billion on behalf of investors in securities

---

[1] For a detailed description of proposed lead counsel's track record, resources, and attorneys, please see https://www.rgrdlaw.com. Paper copies of the Firm's resume is available upon the Court's request, if preferred.

- 6 -

class action cases, including $1.02 billion in *In re Am. Realty Cap. Props., Inc. Litig.*, No. 1:15-mc-00040-AKH (S.D.N.Y.), $1.21 billion in *In re Valeant Pharm. Int'l, Inc. Sec. Litig.*, No. 3:15-cv-07658-MAS-LHG (D.N.J.), $809.5 million in *In re Twitter Inc. Sec. Litig.*, No. 4:16-cv-05314-JST (N.D. Cal.), and $350 million in *Smilovits v. First Solar, Inc.*, No. 2:12-cv-00555-DGC (D. Ariz.). Robbins Geller has also obtained the largest securities fraud class action recoveries in the Fifth, Sixth, Seventh, Eighth, Tenth, and Eleventh Circuits, as well as an in-District 2019 PSLRA class action trial victory in *HsingChing Hsu v. Puma Biotechnology, Inc.*, No. 8:15-cv-00865-AG (C.D. Cal.), where the jury returned a verdict for plaintiff, finding that defendants Puma Biotechnology, Inc. and its CEO committed securities fraud.

Based upon its counsel's extensive experience and proven track record in securities class actions, the Public Pension Plans' selection of counsel is reasonable and should be approved.

## III.  CONCLUSION

The Related Actions involve common factual and legal questions and should be consolidated. In addition, the Public Pension Plans have satisfied each of the PSLRA's requirements for appointment as lead plaintiff. Accordingly, the Public Pension Plans respectfully request that the Court grant their motion for consolidation, appointment as lead plaintiff, and approval of their selection of counsel.

DATED: January 3, 2023             Respectfully submitted,

ROBBINS GELLER RUDMAN
  & DOWD LLP
RYAN A. LLORENS
DANIELLE S. MYERS
KENNETH P. DOLITSKY

                    s/ Danielle S. Myers
            DANIELLE S. MYERS

- 7 -

4870-1447-7383.v1

|   |   |
|---|---|
| 1 | 655 West Broadway, Suite 1900 |
| 2 | San Diego, CA  92101<br>Telephone:  619/231-1058 |
| 3 | 619/231-7423 (fax)<br>ryanl@rgrdlaw.com |
| 4 | dmyers@rgrdlaw.com<br>kdolitsky@rgrdlaw.com |
| 5 | |
| 6 | Proposed Lead Counsel for Proposed Lead Plaintiff |
| 7 | SUGARMAN SUSSKIND BRASWELL |
| 8 |   & HERRERA, P.A.<br>ROBERT A. SUGARMAN |
| 9 | PEDRO A. HERRERA<br>150 Alhambra Circle, Suite 725 |
| 10 | Coral Gables, FL  33134<br>Telephone:  305/529-2801 |
| 11 | 305/447-8115 (fax)<br>sugarman@sugarmansusskind.com |
| 12 | herrera@sugarmansusskind.com |
| 13 | CHRISTIANSEN & DEHNER, P.A.<br>SCOTT R. CHRISTIANSEN |
| 14 | 63 Sarasota Center Blvd., Suite 107<br>Sarasota, FL  34240 |
| 15 | Telephone:  941/377-2200<br>941/377-4848 (fax) |
| 16 | |
| 17 | VANOVERBEKE, MICHAUD<br>  & TIMMONY, P.C. |
| 18 | MICHAEL J. VANOVERBEKE<br>THOMAS C. MICHAUD (P42641) |
| 19 | 79 Alfred Street<br>Detroit, MI  48201 |
| 20 | Telephone:  313/578-1200<br>313/578-1201 (fax) |
| 21 | tmichaud@vmtlaw.com |
| 22 | Additional Counsel for Proposed Lead Plaintiff |
| 23 | |
| 24 | |
| 25 | |
| 26 | |
| 27 | |
| 28 | |

- 8 -

4870-1447-7383.v1

CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on January 3, 2023, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the email addresses on the attached Electronic Mail Notice List, and I hereby certify that I caused the mailing of the foregoing via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

 s/ Danielle S. Myers
DANIELLE S. MYERS

ROBBINS GELLER RUDMAN
    & DOWD LLP
655 West Broadway, Suite 1900
San Diego, CA  92101-8498
Telephone:  619/231-1058
619/231-7423 (fax)

Email:  dmyers@rgrdlaw.com

4870-1447-7383.v1

# Mailing Information for a Case 2:22-cv-07939-ODW-KS Sean Ryan v. FIGS, Inc. et al

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Adam Marc Apton**
  aapton@zlk.com

- **Gregory E Del Gaizo**
  GdelGaizo@robbinsllp.com,notice@robbinsllp.com

- **Charles Henry Linehan**
  clinehan@glancylaw.com,charles-linehan-8383@ecf.pacerpro.com

- **Brian J Robbins**
  brobbins@robbinsllp.com,notice@robbinsllp.com

- **Laurence M Rosen**
  lrosen@rosenlegal.com,lrosen@ecf.courtdrive.com

- **Craig Wallace Smith**
  csmith@robbinsllp.com,notice@robbinsllp.com

- **Michael C Tu**
  mctu@cooley.com,efilingnotice@cooley.com,efiling-notice@ecf.pacerpro.com,mhuston@cooley.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- `(No manual recipients)`